R. W. RUTHERFORD AND ANOTHER V. JAMES M. HARRIS.

Where judgment was rendered in favor of a plaintiff, against the maker and
    endorsers of a promissory note, and also in favor of the maker, against one
    of the endorsers on an obligation of indemnity; and, upon motion of the
    maker, a new trial was granted, as to him only; and the plaintiff having
    dismissed his suit as to the maker, the court ordered execution to issue on the
    judgment against the endorsers; there being no allegation, in the pleadings,
    that the maker of the note resided beyond the limits of the State, or in a
    county not-organized, or was insolvent, or that placed the parties in any other
    relation to each other, than that of maker and endorsers; to permit the dis-
    continuance of the suit, as to the maker, was in direct violation of the statute.
    (Hart. Dig. Art. 670, 705.)
The judgment in favor of the maker, against the endorsers, was dependent
    upon that of the plaintiff against him; and the latter being set aside, left no
    foundation for the former.

ERROR from Washington. Tried below before the Hon. R. E. B. Baylor.

Sayles and Bassetts, for plaintiffs in error.

Rutherford v. Harris.

*Horton* and *Ewing*, for defendant in error, argued that the statute, forbidding a judgment being taken against the endorser or surety, unless judgment was at the same time rendered against the maker or principal, was intended for the protection of the endorser or surety; and was inapplicable to cases, where the endorser or surety would not be entitled to indemnity, from the maker or principal in the note, if the debt were collected from them.   And as, in this case, the verdict established the fact that Thompson, one of the endorsers, had bound himself to the maker, to indemnify him against the payment of the money, and the endorsers, Rutherford and Thompson, were partners, Rutherford was also bound by this agreement. If the judgment were collected from them, they could have no recourse against Atkinson, the maker of the note.   The defendant in error, they contended, was entitled to an affirmance of the judgment against both of the plaintiffs, but certainly, as against Thompson.

ROBERTS, J.   Harris brought suit against Atkinson, as the maker, and Rutherford and Thompson, as the endorsers of a promissory note, which was executed by Atkinson, in favor of Rutherford and Thompson, and by them assigned to Harris. Atkinson filed an answer, and the other defendants did not. Upon the trial, a judgment was rendered in favor of Harris, against all the defendants, and in favor of Atkinson, against Thompson, on an obligation of indemnity; both being for the amount due on the note.   Atkinson moved for a new trial, which was granted, as to him only.   Whereupon the plaintiff below, Harris, dismissed his suit as to Atkinson, and the court ordered execution to issue on the judgment rendered against Rutherford and Thompson.

There was no allegation in the pleadings, that Atkinson, the principal, and the maker of the note, resided beyond the limits of the State, or in a county not organized, or was insolvent. Nor was there any other fact alleged or shown, which placed Rutherford and Thompson in any other relation towards Harris,

than that of endorsers.   The discontinuance of the suit, then, as to Atkinson, was in direct violation of the statute.  (Hart. Dig. Art. 670, 705.)   This question was decided in the case of Cook & Cornelius v. Henderson, 18 Tex. Rep. 303.   The judgment of Atkinson against Thompson, was dependent upon that of Harris against Atkinson; and the latter being set aside, left no foundation for the former.   Judgment is reversed, and cause remanded.

Reversed and remanded.